No. 02-4230

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

AUG 2 9 2003

**LEONARD GREEN, Clerk**

|                             |      |
|-----------------------------|------|
| ALMOS L. STARKS,            | )    |
|                             | )    |
|    Petitioner-Appellant, | )    |
|                             | )    |
| v.                          | )      O R D E R |
|                             | )    |
| UNITED STATES OF AMERICA,   | )    |
|                             | )    |
|    Respondent-Appellee. | )    |
|                             | )    |

C - 1 - 01 - 443
SAS

    Almos L. Starks appeals a district court judgment denying his motion construed as one filed pursuant to 28 U.S.C. § 2255. Receipt of the notice of appeal has been construed as an application for a certificate of appealability. *See* Fed. R. App. P. 22(b).

    In 1995, Starks was tried by jury and convicted of conspiracy to distribute and to possess with intent to distribute cocaine hydrochloride and cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a), possession with intent to distribute cocaine hydrochloride in violation of § 841(a)(1), possession with intent to distribute cocaine base in violation of § 841(a)(1), and possession as a convicted felon of firearms in violation of 21 U.S.C. §§ 922(g) and 924(a). The district court sentenced Starks to life imprisonment. This court affirmed Starks's conviction and sentence. *United States v. Starks*, No. 95-4105, 1997 WL 271744 (6th Cir. May 21, 1997).

    On July 2, 2001, Starks filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The district court determined that it lacked jurisdiction and denied the motion on September 26, 2001.

No. 02-4230

- 2 -

On December 3, 2001, Starks filed what he styled as a request for writ of error under the all writs act. The district court construed Starks's motion as one seeking to vacate sentence pursuant to 28 U.S.C. § 2255. Starks filed numerous motions objecting to the seizure of currency from his vehicle and residence, and alleging that the government's actions constituted criminal fraud. He also objected to the court's characterization of his motion as one filed pursuant to § 2255 rather than a motion for a writ of error. The district court denied Starks's motion as untimely and meritless, and found no grounds upon which to grant Starks a certificate of appealability.

The court hereby denies Starks a certificate of appealability because he has not made a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). A petitioner satisfies the required showing by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell,* ___U.S.___, 123 S. Ct. 1029, 1034 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The record does not meet the foregoing standard for the reasons set forth in the district court's order of August 13, 2002.

Accordingly, the application for a certificate of appealability is denied.

ENTERED BY ORDER OF THE COURT

_Leonard Green_
Clerk

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By _____
Deputy Clerk